Buck Owens et al.
vs.
Hagenbeck-Wallace
Shows Co.

No. 93476

April 13, 1935.

For plaintiff: Peter W. McKiernan.
For defendant: Adler & Flint.

Buck Owens et al.
vs.
Hagenbeck-Wallace
Shows Co.

No. 93476

April 13, 1935.

POULIOT, J. This cause is before the Court on defendant's motion for a new trial after a jury returned a verdict for the plaintiff in the sum of $4500.

In addition to the usual grounds, which are numbered 1, 2 and 3, two others are set forth, numbered 4 and 5. These latter two are not to be considered by the Court in passing on this motion, as No. 4 would involve the Court's determining the propriety of its own rulings during the trial, and No. 5, as to newly discovered evidence, is not supported by affidavits nor was it urged at all at the hearing on this motion.

In simple language, this case results from the plaintiff's dismissal from the service of the defendant prior to the termination of the period of employment agreed upon in a written contract between the parties.

The plaintiff contends that he performed, up to the time of his dismissal, all that he was required to do under the contract, and that he was willing to continue so doing until the end of the contract period.

The defendant claims that it was induced to enter into the contract by false representations made to it by the plaintiff; that the plaintiff did not perform as required by the contract and, further, that it reasonably exercised its power to terminate the employment of the plaintiff at any time it deemed his work unsatisfactory.

The evidence bearing on the two questions was conflicting and so became a matter on which the jury should pass. It was resolved in favor of the plaintiff and the Court cannot say that the jury's decision was error, as there is sufficient credible evidence to support such a finding. It is not the duty of the Court to substitute its own judgment for that of the jury when the evidence would support a finding for either the plaintiff or the defendant. On evidence of this character, the preponderance is with the party whose claim, upon the evidence submitted, you believe to be just.

While the defendant, in its motion for a new trial, does not allege that the award is excessive, yet the Court feels it is its duty to analyze the amount of the verdict.

At the time of the plaintiff's dismissal, the contract had 120 days more to run, or 17 1/7 full weeks; the earnings for that period, at $125 per week, would be $2148. The plaintiff was entitled to $125 "holdback", that is: the amount of wages held back to guarantee his good faith; the board of his horse, $293 and some cents; the groom's pay is not here considered as, under the contract, the plaintiff was to pay him out of his own wages; the groom's maintenance and upkeep, $244; lodgings for the plaintiff and his wife should not reasonably cost over $5 per day, or a total of $600; meals for the plaintiff and his wife would be reasonable at $3.50 per day, a total of $420; storage for the

plaintiff's equipment cost $170. The whole totals $3994.

The jury evidently found that it was unreasonable to expend $6,076.08, as set out in the bill of particulars, to earn $1613.20. The Court approves their disregarding these items as they were not proven necessary by any degree of certainty.

It appears to the Court that the sum of $4,000 would be fair, just and reasonable compensation for the plaintiffs' damages.

Therefore, if, within seven days hereof, plaintiffs shall file their remittitur for all of the verdict in excess of $4,000, defendant's motion for a new trial is denied, otherwise it is granted.